FILED
BILLINGS DIV.

2008 MAR 27  PM 4 08

PATRICK E. DUFFY, CLERK
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| ECONOMIC RESEARCH SERVICES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWESTERN CORPORATION,<br><br>Defendant. | **CV-08-02-BU-RFC-CSO**<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff Economic Research Services, Inc. ("ERS") initiated this action against Defendant NorthWestern Corporation ("NorthWestern") for breach of contract in the Northern District of California. *Cmplt. for Breach of Contract* (*Court's Doc. No. 1*). On December 21, 2007, Magistrate Judge LaPorte issued an Order (*Court's Doc. No. 2*) granting NorthWestern's motion to dismiss for lack of personal jurisdiction. Rather than dismissing the case outright, however, Judge LaPorte transferred the case to the District of Montana. See *Order* filed 12/21/07.[1]

---

[1] Another action involving the same contract and the same parties also is pending in this Court. See NorthWestern Corporation d/b/a NorthWestern Energy v. Economic Research Group, Incorporated, CV 08-04-BU-RFC-CSO.

-1-

Now pending is ERS's Motion to Dismiss (*Court's Doc. No. 3*) brought under Rule 12(b)(1).[2] Having reviewed the record, together with the parties' arguments in support of their respective positions, the Court recommends that the motion be denied.

## I. *BACKGROUND*

Judge LaPorte set forth this case's background in detail in her Order filed on December 21, 2007. This Court also discussed the background in its Findings and Recommendation filed on March 21, 2008, in <u>NorthWestern Corporation d/b/a NorthWestern Energy v. Economic Research Group, Incorporated</u>, CV 08-04-BU-RFC-CSO. The parties and the Court are familiar with the background facts. The Court, therefore, will not repeat them here.

## II. *THE PARTIES' ARGUMENTS*

NorthWestern urges the Court to dismiss ERS's Complaint arguing that there is no diversity of citizenship between the parties and the Court lacks jurisdiction. NorthWestern argues that Judge LaPorte, in her Order referenced above, noted that ERS's counsel represented at a hearing that ERS is incorporated in Delaware. Because NorthWestern also is incorporated in Delaware, NorthWestern argues, complete diversity of citizenship is absent in this case, and the Court lacks subject matter jurisdiction under Rule 12(b)(1). *NorthWestern's Br.* (Court's Doc. No. 5) *at 2-4*.

NorthWestern responded by filing not only a responsive brief, but also an Amended Complaint (*Court's Doc. No. 6*). In its Amended Complaint, with respect to

---

[2]All references to rules herein are to the Federal Rules of Civil Procedure unless otherwise indicated.

jurisdiction, ERS alleges that it was incorporated in Florida when the case commenced and continues to be incorporated in Florida while NorthWestern was and is incorporated in Delaware. *Am. Cmplt. at ¶¶ 3-4.* Thus, it argues that "[t]his Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332(a)." *Id. at ¶ 2.*

In its responsive brief, ERS argues that its counsel, in a hearing before the Court in the Northern District of California, made "an accidental and mistaken oral statement ... that ERS is incorporated (like NorthWestern) in Delaware." *ERS's Resp. at 2.* ERS argues that it is "and always has been (as stated in the very style of this case) incorporated in Florida." *Id.*

In support of its argument, ERS has filed the Second Declaration of Sam Kimelman (*id. at Ex. C*) (*Court's Doc. No. 7-4*) and the Declaration of Chad Stegeman (*id. at Ex. D*) (*Court's Doc. No. 7-7*). Mr. Kimelman, ERS's chief financial officer, declares that ERS was incorporated in Florida in 1981 and has continued to be incorporated in Florida since that time. Mr. Stegeman, an attorney who represented ERS while this case was pending in the Northern District of California, declares that he "unintentionally, mistakenly, and accidentally stated on December 18, 2007, that ERS was incorporated in Delaware even though ERS is ... incorporated in Florida." *Stegeman Decl. at ¶ 3.*

### III. DISCUSSION

Whether subject matter jurisdiction exists "depends upon the state of things" at the time a case is filed. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570

(2004) (citation omitted). This "time-of filing rule" "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing – whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." Id. (citation omitted).

In the case at hand, ERS filed its original Complaint on August 14, 2007. See Court's Doc. No. 1. As noted *supra*, Mr. Kimelman stated in his declaration that ERS has been incorporated in Florida continuously since 1981. Also, Mr. Stegeman stated in his declaration, *supra*, that he "unintentionally, mistakenly, and accidentally" represented to the Court in California that ERS was incorporated in Delaware even though it actually was incorporated in Florida. Finally, ERS alleges in its Amended Complaint for Breach of Contract that it "was incorporated in Florida at the commencement of this lawsuit and continues to be incorporated in Florida." *Am. Cmplt. at ¶ 3*. NorthWestern did not file a reply brief to challenge or otherwise address these representations.[3]

Based on these representations and allegations, the Court concludes that diversity is not defeated. Thus, NorthWestern's motion to dismiss for lack of diversity jurisdiction is not well-taken and should be denied. The current record supports ERS's

---

[3] The Court notes that this motion may not have been necessary had ERS properly plead jurisdiction in its original complaint. *See, e.g.,* Ganoe v. Lummis, 662 F.Supp. 718, 723 (S.D.N.Y. 1987)("Naked allegations that the parties are citizens of different states, absent an averment of the particular states of which the parties are citizens, are insufficient to meet the pleading requirement.") It also may not have been necessary had Northwestern complied with Local Rule 7.1(j)(1), which requires the parties to discuss the motion before it is filed, and to confirm within the text of the motion that other parties have been contacted.

position that it is, and was at the time it filed this lawsuit, incorporated in Florida and that its counsel's prior representation that it is incorporated in Delaware was merely a misstatement. NorthWestern has offered no argument that ERS is now bound by that erroneous representation.

### IV.    **CONCLUSION**

Based on the foregoing,

**IT IS RECOMMENDED** that NorthWestern's Rule 12(b)(1) Motion to Dismiss (*Court's Doc. No. 4*) be DENIED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Order and Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation portion must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 27th day of March, 2008.

_____
Carolyn S. Ostby
United States Magistrate Judge