IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| ECONOMIC RESEARCH SERVICES, INC., | |
| Plaintiff, | CV-08-02-BU-RFC-CSO |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| NORTHWESTERN CORPORATION, | |
| Defendant. | |

Pending before the Court is third-party defendants David Salant and Auction Technologies, Inc.'s  Motion to Dismiss, With Prejudice, Counts III, Deceit, and IV, Actual Fraud, of NorthWestern Corporation's Third Party Claim (Court's Doc. No. 43).  On May 27, 2009, the Court held a telephonic conference with counsel to discuss the Court's concern that the third party claims in question are substantially identical to the previously dismissed claims for deceit and actual fraud

1

NorthWestern Corporation brought against Economic Research Services, Inc. ("ERS").  The Court twice recommended dismissal of those claims against ERS, without prejudice, once in this case ( see Court's Doc. No. 34), and once in a companion case, currently stayed and consolidated with this one for purposes of pleading and discovery.  See NorthWestern Corporation d/b/a NorthWestern Energy v. Economic Research Group, Inc., CV 08-04-BU-RFC-CSO, Court's Doc. No. 10).  In both instances, Chief Judge Cebull issued orders adopting the findings and recommendations in their entirety.  See Court's Doc. No. 37 ; CV 08-04, Court's Doc. No. 12.

The Court now once again concludes that these claims do not satisfy the mandate of Fed.R.Civ.P. 9(b) to set forth with particularity those circumstances which constitute fraud.  See In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1548 (9th Cir. 1994).  See also Yourish v. California Amplifier, 191 F.3d 983, 993-995 (9th Cir. 1999).  NorthWestern's attempt to state claims for deceit and fraud by reciting the elements of each case of action is not sufficient.  To satisfy Rule 9(b), a claimant must do more than merely allege that a representation was false or misleading.  In addition to the neutral facts involving the "time,

2

place, and content of an alleged misrepresentation," the claimant must also "set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading when made." Id. at 993 (quoting In Re Glen Fed Sec. Litig., 42 F.3d at 1547-1549.)

In its brief and at the conference, NorthWestern Corporation referred to a case in the Northern District of California in which Salant is a defendant. See Court's Doc. No. 45 at 3. This reference to a different case does not cure the deficiencies in NorthWestern Corporation's pleadings as previously identified by this Court on two occasions. Therefore, for the reasons stated in the two findings and recommendations referenced above, and in Chief Judge Cebull's orders adopting those findings and recommendations,

IT IS RECOMMENDED that David Salant and Auction Technologies, Inc.'s  Motion to Dismiss, Counts III, Deceit, and IV, Actual Fraud, of NorthWestern Corporation's Third Party Claim (Court's Doc. No. 43) be GRANTED and that Counts III and IV of NorthWestern Corporation's Third Party Claim (Court's Doc. No. 22) be DISMISSED WITHOUT PREJUDICE.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of U.S. Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 28th day of May, 2009.


/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

4